Filed 10/18/23  P. v. Chicas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ALEXANDER PADILLA CHICAS,<br><br>Defendant and Appellant. | C097872<br><br>(Super. Ct. No. CR20220478) |

On the night of April 5, 2019, K.P. attended a party at an apartment on the University of California, Davis, campus.  A week before, defendant David Alexander Padilla Chicas and K.P. exchanged text messages in which he said things that "came off flirty."  K.P. knew defendant because he had dated one of her friends.  Defendant asked if she was going to the party, and she said yes.  She asked if he was going but at that moment defendant did not know if he was going or not.

K.P. arrived with three friends that she knew from high school.  At the party, K.P. drank two cups of "jungle juice," a mixture of vodka and fruit juice, as well as a shot of

1

tequila and brandy mixed together. She also had "one hit" of marijuana. After the first cup of jungle juice, K.P. did not feel the effects of the alcohol. After the second cup, K.P. started to feel drunk. She told her friends she felt like throwing up, so she was going to go to the bathroom.

K.P. started walking towards the bathroom when she saw defendant leaning against the refrigerator in the kitchen. Defendant stopped her and asked her where she was going. She said she was going to the bathroom to throw up and defendant said he would help her. They went into the bathroom and K.P. went to the toilet to make herself throw up. Defendant pulled her up and leaned her against the sink. They started kissing. Defendant touched her breasts, first over and then under her clothes. Defendant started to unbutton her pants to insert his fingers in her. K.P. realized what was happening, told him to stop, and went back to the toilet. Defendant pushed K.P. down against the bathtub. He turned off the light and locked the door. Defendant took off K.P.'s pants. She froze. Defendant took off his pants. K.P. was lying on the floor with her head against the bathtub and defendant on top of her. K.P. told him to stop and get off her, saying she was too drunk. She told defendant he was raping her but he would not listen. Defendant inserted his penis in K.P.'s vagina. Defendant did not use a condom. He ejaculated in K.P.'s vagina. Defendant pulled up his pants and told K.P. to lean against the toilet and act like she was throwing up. Defendant unlocked the door, turned on the light, and left. K.P. was crying. As defendant was leaving, K.P. saw one of her friends outside the door, who went and got another of her friends. K.P. was lying on the floor against the bathtub, sobbing. Her pants were unbuttoned and pulled down. K.P. kept repeating, "I said 'no.'"

The prosecution charged defendant with forcible rape (count 1), forcible sexual penetration (count 2), rape of an intoxicated person (count 3), and sexual penetration by a foreign object of an intoxicated person (count 4). The jury found defendant guilty of count 1 and not guilty of counts 2, 3, and 4. The trial court sentenced defendant to the

2

lower base term of three years, determined defendant was entitled to 71 total days credit for time served consisting of 62 actual days and nine local conduct days, and imposed fines and assessments.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979)  25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
MAURO, J.


/s/_____
KRAUSE, J.


3